United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDUARD YEPES CARTAGENA *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 4:26-CV-5135 |
| | § | |
| KAREL PEREZ, | § | |
| *Defendant*. | § | |

**JUDGE PALERMO'S**
**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion to remand. ECF No. 10.[1] Plaintiff argues that Defendant's removal of this case was untimely. Defendant responded that Plaintiff's calculations of the removal deadline are incorrect. ECF No. 15. Because Defendant timely removed and the Court has diversity jurisdiction, the motion to remand should be denied.

## I. BACKGROUND

On December 18, 2024, Defendant, an Uber driver, struck Plaintiff's vehicle. ECF No. 1-1 at 2. Plaintiff filed suit in state court on February 25, 2026, raising personal injury claims against: (1) Defendant, a Florida resident; and (2) Uber Technologies, Inc., who Plaintiff alleged is "a corporation organized doing business in Texas." ECF No. 1-1 at 1.

[1] The district judge to whom this case is assigned referred all pretrial proceedings. ECF No. 9.

After being served on March 16, 2026, Uber filed an answer on April 6, 2026. ECF No. 1-4. A process server served Defendant on May 6, 2026. ECF No. 1-2. Uber amended its answer on May 14, 2026. ECF No. 1-4. In its amended answer, Uber attached a copy of its Platform Access Agreement which stated Uber is "in California." ECF No. 1-4 at 49, 103. Defendant answered in state court on May 28, 2026. ECF No. 1-4 at 146–49. On June 2, 2026, Plaintiff filed a notice of nonsuit of Uber. ECF No. 1-3. Defendant removed the case on June 29, 2026. ECF No. 1. On July 29, 2026, Plaintiff moved to remand. ECF No. 10.

## II. LEGAL STANDARD

Federal law allows the removal of any civil action brought in state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). In the instant case, Defendant removed based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1. The Court may exercise jurisdiction on diversity of citizenship only if: (1) the parties are of completely diverse citizenship; and (2) the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1441(a); *see also Hopper v. Heroes Tech. (US) LLC*, No. CV H-24-1200, 2024 WL 3371049, at *2 (S.D. Tex. July 9, 2024). "The citizenship of individuals is based on domicile, *i.e.*, where an individual resides and intends to remain." *Hopper*, 2024 WL 3371049, at *2 (citing *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003)). "Corporations are deemed to be citizens both of the state in which

they are incorporated and of the state where they have their principal place of business. Allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *Id.* at *3 (citing 28 U.S.C. § 1332(c); *Neeley v. Bankers Trust Co. of Texas*, 757 F.2d 621, 634 n. 18 (5th Cir. 1985)).

"After the defendant removes a case to federal court, the case must be remanded to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Lisk v. Alfonso*, No. 4:25-CV-00772-O, 2025 WL 3197882, at *1 (N.D. Tex. Oct. 31, 2025), *adopted*, No. 4:25-CV-00772-O, 2025 WL 3192550 (N.D. Tex. Nov. 14, 2025) (citing *Wells Fargo Bank, N.A. v. Adams*, No. 3:13-CV-1353-O, 2013 WL 3829494, at *2 (N.D. Tex. July 24, 2013) (citing 28 U.S.C. § 1447(c))). "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Id.* (quoting *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). Defendant "bears the burden of proving both complete diversity and that the amount in controversy requirement is met." *Id.* (cleaned up) (citing *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013)). "The removal statute, 28 U.S.C. § 1441, is 'strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand.'" *Id.* at *2 (quoting *Gasch v. Hartford Acc. & Indem.* Co., 491 F.3d 278,

281-82 (5th Cir. 2007)).

Section 1446(b) "provides a two-step test for determining whether a defendant timely removed a case." *Morales v. BPD Transp., LLC*, No. 4:25-CV-05311, 2026 WL 1412612, at *4 (S.D. Tex. May 7, 2026), *adopted*, No. CV H-25-5311, 2026 WL 1839070 (S.D. Tex. June 25, 2026) (quoting *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992))). "Under Section 1446(b)(1), a party must remove within 30 days of receiving 'the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .'" *Id.* (quoting 28 U.S.C. § 1446(b)(1)). "To trigger that deadline, a pleading must 'affirmatively reveal on its face' that the suit is removable." *Id.* (quoting *Chapman*, 969 F.2d at 163; citing *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002)*; J.R. Laughead, Inc. v. Air Dayco Corp.*, 942 F. Supp. 339, 342 (S.D. Tex. 1996) (remanding because the petition "affirmatively revealed that diversity existed")).

"Alternatively, Section 1446(b)(3) states that 'a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* (quoting 28 U.S.C. § 1446(b)(3)). The "alternative deadline in Section 1446(b)(3) applies *only* '[i]f the case stated by the initial pleading is not removable.'" *Id.* (emphasis in original)

(quoting *Bosky*, 288 F.3d at 212). A notice of nonsuit may constitute "other paper" under § 1446(b)(3). *See Strickert v. THI of Tex. at Richardson, L.L.C.*, No. 3:08-CV-412-L, 2008 WL 4107547, at *3 (N.D. Tex. Aug. 27, 2008) ("the notice of nonsuit served as the "other paper" that clearly put The Village on notice, well before the order of nonsuit, that complete diversity existed between the parties and the case was therefore removable."); *see also Biggs v. Cajun Operating Co.*, No. 3:10-CV-01847-M, 2011 WL 196096, at *2 (N.D. Tex. Jan. 19, 2011) (citing *Strickert*, 2008 WL 4107547, at *3); *Dorrell v. Senior Health Ins. Co. of Pennsylvania*, No. 1-13-CV-254, 2013 WL 12138877, at *3 (E.D. Tex. June 14, 2013) ("service of the "notice of non-suit" functions as an "other paper", placing SHIP on notice that the case was removable.") (citing *Strickert*, 2008 WL 4107547, at *3).

**III. DEFENDANT'S REMOVAL WAS TIMELY.**

Under federal law, the Court has original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Texas. Defendant is a citizen of Florida. ECF No. 1-1 at 1. Plaintiff seeks more than $75,000. ECF No. 1-1 at 1. This dispute centers upon whether the case was timely removed.

Plaintiff contends that Defendant's motion to remand is untimely because Uber's citizenship was apparent from Plaintiff's original petition filed on February 25, 2026, and even if the case was not removable from its inception, Uber's amended

answer filed on May 14, 2026, established Uber as "in California." ECF No. 10.

Defendant responds that the petition failed to identify Uber's state of incorporation or principal place of business and therefore, the case was not removable from inception. ECF No. 15. Further, Uber only served its amended answer on counsel of record before Defendant appeared in the case. Defendant became aware of Uber's amended answer when it appeared, and in the following thirty days, Defendant removed this matter.

**A. Plaintiff's Petition Failed to Reveal Uber's Citizenship.**

Plaintiff alleged that Uber Technologies, Inc. is "a corporation organized doing business in Texas." ECF No. 1-1 at 1. This allegation does not set out Uber's principal place of business or state of its incorporation, as is required by § 1332(c). *See Hopper*, 2024 WL 3371049, at *2. Omitting these facts "mean[s] that the petition does not affirmatively reveal [Uber's] citizenship[], such that its service would trigger the 30-day clock for removal." *Morales,* 2026 WL 1412612, at *6 (finding the petition failed to disclose crucial facts concerning plaintiffs' citizenships, such that its service would trigger the 30-day clock for removal). Accordingly, the removal deadline runs from the date when Defendant received "other papers" making it "unequivocally clear and certain" that removal was appropriate.

**B. Defendant Timely Removed.**

Here, Plaintiff contends that Uber's amended answer filed on May 14, 2026

constitutes an "other paper," meaning Defendant's removal was untimely as it was filed more than thirty days later. Defendant responds that Uber's answer was not served on him or his counsel on May 14, 2026, and instead Defendant became aware of the answer when it appeared weeks later. Instead, Defendant contends that Plaintiff's notice of nonsuit of Uber filed on June 2, 2026 constitutes the "other paper" and therefore its notice of removal was timely filed on June 29, 2026.

Plaintiff's argument fails on a couple of fronts. First, "to trigger a new 30-day removal period, '[t]he "other paper" must "*result from the voluntary act of a plaintiff* which gives the defendant notice of the changed circumstances which now support federal jurisdiction."''" *Leday v. CarMax Bus. Services, LLC*, No. 4:24-CV-1804, 2024 WL 3626511, at *2 (S.D. Tex. July 1, 2024), *adopted*, No. 4:24-CV-01804, 2024 WL 3628047 (S.D. Tex. July 31, 2024) (emphasis added) (quoting *Garcia v. State Auto Ins. Companies*, No. 7:23-CV-98, 2023 WL 3848390, at *2 (S.D. Tex. June 6, 2023) (citing *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000))). Plaintiff may not rely on Uber's amended answer as the "other paper." *See id.*

Further, Plaintiff's argument erroneously rests on when Uber *filed* its amended answer, not when Defendant *received* the "other paper." *See Morales*, 2026 WL 1412612, at *6 ("The removal deadline runs instead from the date when Removing Defendants *received* 'other paper' making it 'unequivocally clear and

certain' that the Minor Plaintiffs were diverse.") (emphasis added) (quoting *Bosky*, 288 F.2d at 211). On May 14, 2026, Uber's amended answer was "forwarded to all counsel of record." ECF No. 1-4 at 101. Defendant's counsel did not appear in the case until filing an answer on May 28, 2026. ECF No. 1-4 at 146–49. Even if considering Uber's answer, Defendant "received" the other paper on May 28, 2026, and thirty days later was Saturday, June 27, 2026, and the next business day was June 29, 2026, when Defendant filed its notice of removal.

Instead, Plaintiff's notice of nonsuit received by Defendant on June 2, 2026, constitutes the "other paper" "result[ing] from the voluntary act of [P]laintiff which gives [D]efendant notice of the changed circumstances which now support federal jurisdiction." *See Leday*, 2024 WL 3626511, at *2. Within thirty days of June 2, 2026, Defendant filed its notice of removal on June 29, 2026. ECF No. 1.

Defendant's notice of removal was timely.

## IV. CONCLUSION

Therefore, the Court **RECOMMENDS** that Plaintiff's motion to remand be **DENIED**. ECF No. 10. If the district judge adopts this recommendation, the Court will set this matter for an initial conference.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual**

**findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on September 22, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**